## LORENZO A. PARDO, Complainant,
*v.*
## JOHN T. BARRETT, as Federal Prohibition Director, Dft.

San Juan, Equity, No. 1236.

Opinion filed December 19, 1923.

*Mr. A. R. de Jesus* for complainant.

*Mr. Ira K. Wells,* United States District Attorney, for defendant.

ODLIN, Judge, delivered the following opinion:

This proceeding is virtually a proceeding in mandamus, although lawfully filed upon the equity side of this court, because under § 9, title 2, of the National Prohibition Act, any

druggist who is aggrieved by a ruling of the Federal prohibi-
tion director has the right to file a bill in equity not only to
question an order of revocation of a permit already issued, but
also to force the Federal prohibition director to issue to such
druggist a permit after a denial. This is clearly shown by the
language of Mr. Circuit Judge Anderson, sitting in a district
court of Massachusetts on January 2 of the present year, his
opinion being written in a case entitled O'Sullivan v. Potter,
reported in 290 Fed. page 844.

The complainant Pardo is a druggist in Cataño, Porto
Rico, and filed the present bill of complaint October 26 of the
present year against Mr. Barrett as Federal prohibition director
for Porto Rico, and the prayer of the bill is that this court set
aside the action of Mr. Barrett when he disapproved the appli-
cation of Mr. Pardo for a permit, and the prayer also is affirm-
ative in its nature in asking this court to direct the respondent
to issue a permit to the complainant upon the ground that the
latter is legally entitled to the same.

There are four defenses to this proceeding in the answer of
Mr. Barrett, as follows: First, it is claimed that Mr. Pardo,
who was formerly the holder of a permit, was cited in February
of 1922 for a hearing to revoke the permit which he then held,
and that all the evidence taken at such hearing was forwarded
to the Federal prohibition commissioner at Washington and
that the latter revoked the permit of Mr. Pardo and that no
appeal was taken by Mr. Pardo from such Washington deci-
sion. It is conceded that in February, 1922, the Federal pro-
hibition director in Porto Rico was Mr. Mariano R. Pesquera.
There is proof before me that Pardo was cited before Pesquera
for a hearing, but it is clear that no evidence whatever was

taken and that nothing whatever was ever forwarded to Washington, and that the permit then held by Pardo was never revoked, but merely suspended, and therefore I must hold that Mr. Barrett has failed to establish his first defense.

The second defense is to the effect that the respondent, Mr. Barrett, having learned that Mr. Pardo had liquors in his possession, sent to the drug store of Mr. Pardo agents of the Federal prohibition office in the early part of the present year and that these agents then and there seized in the drug store of Mr. Pardo a certain amount of alcohol, also 39½ bottles of wine, and nearly 2,000 grams of rum. The claim is made that in Mr. Barrett's opinion these fluids were in the possession of Mr. Pardo unlawfully.

The third defense is that after Mr. Barrett made an investigation of this matter he reached the conclusion that Mr. Pardo would violate the law if a permit were issued to him, and that he regarded Mr. Pardo as unfit to have such a permit.

The fourth defense is that the issuance of permits is not a matter of right, but is a special privilege to be conferred upon such persons as are found worthy of such privilege.

The evidence taken before me shows that the first defense utterly fails. It is, however, not the fault of Mr. Barrett in any way. It is established clearly that when Mr. Pardo was cited for a hearing in the early part of 1922 the Federal prohibition director at San Juan was Mr. Pesquera, but that nothing whatever was forwarded by Mr. Pesquera to Washington, that there never was any revocation either at San Juan or at Washington of the permit which Mr. Pardo held in 1922, and in fact the only action taken in 1922 was a ruling by Mr. Pes-

quera that the operations under the permit then held by Mr. Pardo should be suspended.

Coming to the second defense, it is admitted that the seizure was made in the early part of 1923, after the 1922 permit would have expired even if there had been no suspension. So far as the alcohol is concerned, I am unable to hold that the possession thereof by Mr. Pardo was unlawful. The quantity of alcohol was substantially the same as had been reported by him, the alcohol had once been seized and returned to him by this court, and Mr. Barrett would not be justified in withholding a new permit from Mr. Pardo by reason of the alcohol alone. But with respect to the wine and the rum, another question arises, upon which it becomes my duty to pass. Counsel for Mr. Pardo argues with great ingenuity and apparent force, that, inasmuch as the wine and rum were acquired by Mr. Pardo previous to the enactment of the national prohibition law and while the Insular Prohibition Act was in force, and inasmuch as this latter conferred upon druggists the right to use and sell all kinds of liquors at their drug stores for medicinal purposes only, the possession by Mr. Pardo of the wine and the rum must be held to be lawful. But it seems to me that there is a complete answer to this contention. The National Prohibition Act was approved in the latter part of the year 1919, and the regulations in connection with said law were approved on January 16, 1920. But the supreme court of Porto Rico decided that the Insular Prohibition Act died when the National Prohibition Law came into force. Therefore, Mr. Pardo can seek no protection under the Insular prohibition law. I find nothing in the National prohibition law entitling druggists to have wine or rum in their drug stores, even though it

be there for medicinal purposes only. I am quite clear that if Mr. Pardo actually acquired the wine and rum previous to the year 1920, and desired to retain the same in his possession, he should have stored the same in his private residence and not in his drug store. The fact that the wine and rum were reported by Mr. Pardo to the prohibition office here in San Juan several times cannot operate to enlarge his powers under the act of the Congress of the United States.

Coming to the third defense, the argument presented by counsel for Mr. Pardo is that even if Mr. Barrett formed the opinion in his own mind that Mr. Pardo was unfit to have a permit, and that he would violate the law if a permit were to be issued to him, I agree entirely with the statement of the law as argued by the counsel for Mr. Pardo, that under the authority of the decision already cited in the case of O'Sullivan v. Potter, and likewise in harmony with the rules as interpreted by Mr. District Judge Campbell, sitting in the eastern district of New York, on May 16, 1923, when he wrote his opinion in the case of Schnitzler v. Yellowley as acting Federal prohibition director for the state of New York, reported in 290 Fed. 849, that the belief of the Federal prohibition director that the applicant would violate the law and is unfit to have a permit must be based upon something concrete; and if not, the denial of the permit must be disapproved by the Federal judge upon the hearing of a proceeding in equity similar to the case now under consideration. In other words, if the conclusion of Mr. Barrett were based upon mere caprice, or if it should appear that he refused this permit on account of prejudice against Mr. Pardo, and if there were nothing in the record of Pardo to

justify the denial, it would be the duty of this court to grant to Mr. Pardo the relief which he seeks.

There cannot be the slightest doubt that such is the law, which will appear upon reading the closing paragraphs of the opinion of Mr. Circuit Judge Anderson above cited. He speaks there of the unrestricted right of court review and the duty of prohibition officials to comply fully with the requirements of § 9. I quote as follows from his opinion: "Reviews should not be provoked and promoted by disregard of the manifest purpose of that section, to make administrative proceedings grounding revocation fair and open, with full opportunity for the permittee to meet all charges relied upon. While administrative, they are quasi judicial. They should lack no element of fairness. Any other course would discredit the administration of the act and overload the courts with a mass of unnecessary litigation."

Judge Anderson then goes on to discuss evidence taken before him which was hopelessly conflicting, but he found that the woman witness in the case, whose name was Mrs. Noonan, had testified truly, and that O'Sullivan had not only sold some synthetic gin to her, but that he had also on various occasions sold large quantities of the same fluid to her husband. He therefore held that O'Sullivan had not in good faith conformed to the provisions of the National Prohibition Act; and the order of revocation was affirmed, and the bill was dismissed.

Now, it seems to me that exactly the same rules should govern this case, which does not involve an order of revocation, but which seeks for affirmative relief in the nature of a mandamus. In view of the fact that Mr. Pardo kept this rum and this wine

in his drug store, contrary to law, I am obliged to hold that Mr. Barrett was justified in denying the permit.

A few words only are needed in discussing the fourth defense. It is insisted by Mr. Barrett that the issuance of permits is not a matter of right, but is a special privilege to be conferred upon persons found worthy of such privilege. I do not think that this is a correct statement of the rule. It seems to me that it is more accurate to say that a druggist has an absolute right to a permit unless something in the nature of proof appears showing him to be unfit. The presumption of course is of fitness. When a druggist applies for a permit and the Federal prohibition director seeks 'a method of denying such a permit, his ruling must be based upon something tangible, and concrete, and positive, and not on mere belief and suspicion. Therefore, although I find that the fourth defense is not properly stated, I am obliged to dismiss this bill on account of the illegal possession of the wine and rum.

The bill will be dismissed and the complainant will pay the costs of this proceeding.

To this order and opinion counsel for Lorenzo A. Pardo excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 18th day of December, 1923.